UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:18-cr-00171-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| AGUSTIN CRUZ-SANCHEZ, | |
| Defendant. | |

This matter is before the Court on Defendant Agustin Cruz-Sanchez's ("Defendant") Request for an Extension of Voluntary Surrender Date. (ECF No. 217.) The Government filed an opposition. (ECF No. 219.) Defendant did not file a reply. For the reasons set forth below, Defendant's request is GRANTED.

Defendant is currently ordered to voluntarily surrender on May 4, 2023. (ECF No. 218.) Defendant requests the Court extend his surrender date to May 26, 2023. (ECF No. 217 at 1.) Defendant argues this his first request for an extension of his surrender date, and he also notes he has performed well on pretrial release since December 2020. (*Id.*) Defendant's request is based on the following grounds: (1) he has been ordered to surrender to FTC Oklahoma City and needs additional time to arrange travel; (2) he is packing up his apartment and transitioning out of his job and needs additional time to complete those tasks; and (3) he would like time to meet with new counsel for appeal prior to his surrender. (*Id.*)

1

In opposition, the Government argues that because Defendant stands convicted of a drug trafficking felony, he must show "exceptional reasons" to extend the time the Court has permitted him to remain out of custody. (ECF No. 219 at 1.) The Government argues Defendant fails to meet that burden. (*Id.*)

The Court disagrees with the Government. The Government's argument is premised on statutes governing release or detention pending sentencing or appeal. (*Id.* (citing 18 U.S.C. § 3143(a)(2); 18 U.S.C. § 3145(c)).) Those statutes do not govern Defendant's request as neither party is requesting the Court review its release or detention order. Rather, Defendant merely requests a short extension to his voluntary surrender date, and neither party articulates a legal standard that governs a request to extend a self-surrender date.[1] However, Defendant was sentenced less than two months ago, he has performed well on pretrial release, and this is his first request to extend his self-surrender date. The Court therefore finds there is good cause to grant Defendant's request for a three-week extension to get his affairs in order.

For these reasons, the Court GRANTS Defendant's request. (ECF No. 217.) Defendant shall surrender to the institution designated by the Bureau of Prisons, or if no such institution has been designated, to the United States Marshal in Sacramento, California before 12:00 p.m. on May 26, 2023. Defendant is further advised it is a criminal offense punishable by a consecutive term of imprisonment to fail to surrender for service of sentence pursuant to the order of this Court. All conditions of pretrial release shall remain in effect until Defendant surrenders in accordance with this Order.

IT IS SO ORDERED.

DATED: April 27, 2023

Troy L. Nunley
United States District Judge

---

[1] Courts generally apply related standards of discretion, reasonableness, and good cause. *See United States v. Gregory*, No. 17-20079-JAR-1, 2021 WL 1978630, at *4 (D. Kan. May 18, 2021) (noting the court exercised "discretion" in granting defendant's motion to extend self-surrender date); *United States v. Jordan*, 472 F. Supp. 3d 59, 64 (S.D.N.Y. 2020) (finding defendant's request to extend self-surrender was "reasonable."); *United States v. Baras*, No. CR 11-00523-YGR, 2014 WL 4728992, at *7 (N.D. Cal. Sept. 18, 2014) (finding good cause existed to extend Defendant's self-surrender date).